**Donald H. SMITH, Plaintiff–Counter–Defendant–Appellant,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Long–Term Disability Plan of Morgan Stanley Dean Witter & Co., Welfare Plan Administration Committee of Morgan Stanley Dean Witter & Co., Defendants–Counter–Claimant–Appellees.**

**Docket No. 04–6635–CV.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2005.

Christopher P. Foley, McCormick Dunne & Foley, New York, NY, for Plaintiff–Appellant.

Patrick W. Begos (Nicole E. Allen, on the brief), Begos & Horgan, LLP, Westport, CT, for Defendants–Appellees.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Jr., Circuit Judges.

---

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Donald H. Smith appeals from the November 29, 2004 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), entered after a bench trial on a stipulated record, denying Smith's claim that the termination of his disability benefits by defendant-counter-claimant-appellee First Unum Life Insurance Company ("First Unum") violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* We assume the parties' familiarity with the facts and procedural history of the case.

Smith contends that the district court should have applied a *de novo* standard of review because First Unum's decision denying his disability benefits was affected by a conflict of interest. *See Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir.2000) ("In order to trigger *de novo* review of an administrator's decision when the plan itself grants discretion to the administrator, a plaintiff must show that the administrator was *in fact* influenced by the conflict of interest.") (internal quotation marks omitted). But because Smith has not demonstrated that First Unum was *in fact* influenced by a conflict of interest, *see id.*, or that First Unum's dual status as a plan administrator and plan insurer "affected the reasonableness of the [administrator's] decision" to deny benefits, *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1259 (2d Cir.1996) (internal quotation marks omitted), the district court correctly applied the arbitrary and capricious standard. Under this standard of review, we cannot conclude that First Unum's decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995) (internal quotation marks omitted).

We have considered the rest of Smith's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.